## Worley's Estate

*John J. O'Connell* and *Marjorie H. Matson,* for Allegheny County.

*Baker & Watts,* for heir.

TENER, J., March 21, 1944.—The County of Allegheny objects to the decree of distribution which prorated the county's claims for personal property taxes, in the amounts of $45.51 and $128.08 on claims of $174.32 and $490.59, respectively.

Andrew Jackson Worley died May 18, 1932. The administrator filed returns on behalf of the estate to the County of Allegheny for the years 1933, 1935, 1937, 1938, and 1939. Assessments were made under the Act of June 17, 1913, P. L. 507, as amended, by the board of property assessment, appeals and review on the basis of a previous year's return, plus a 50-percent penalty in 1934 and in 1936. In July of 1943 an assessment was made for the years 1940 through 1943. At the audit the county presented claims for delinquent taxes in the amounts of $490.59 and, under the July 1943 assessment, of $174.32.

Exceptions to the decree were also filed by J. Howard Worley, the accountant, in his individual capacity as an heir and not as administrator of the estate, on the ground that the county's claims are actually debts due the Commonwealth and, as such, are postponed to the two general creditors, who, because the estate is insolvent, should take the entire fund.

It has been decided that the county is not an independent taxing unit and that the tax in question is

imposed by the State on specified property for county purposes: Fidelity-Philadelphia Trust Company's Appeal, 337 Pa. 34 (1939). The debt is, therefore, one due the Commonwealth. However, to be postponed to other debts a debt due the Commonwealth must be one which is owing by "any person within this state, at the time of his decease": Fiduciaries Act of June 7, 1917, P. L. 447, sec. 13(a). The claims of the county were not owing by the decedent at the time of his death. They accrued during the seven years which followed the death and after the estate should have been settled.

The particular property was in pledge, and creditors received the benefit of the income derived from it as well as of any enhancement in the market value which may have occurred during the period when it was being retained.

Where, as here, an administrator, for reasons of his own, elects to postpone the filing of his account beyond the time when it became his duty to do so (Fiduciaries Act, supra, sec. 46(a)), he cannot escape the taxes which are an incident to his continuing in possession of the taxable property on the ground that they are claims due the Commonwealth.

The decree will be modified, allowing the county its claims in full. The accountant will be surcharged for a like amount.